SAUNDERS COUNTY, APPELLEE, v. CHARLES H. SLAMA, APPELLANT.

FILED NOVEMBER 19, 1908. NO. 15,441.

County Officers: ACTION FOR FEES: PLEADING: SUFFICIENCY. A petition in an action by a county against one of the officers mentioned in the act of 1877 (laws 1877, p. 215, Comp. St. 1901, ch. 28, sec. 42 *et seq*.) to recover fees received by such officer, which fails to state facts sufficient to show that the amount sought to be recovered is in excess of the amount which such officer is entitled to retain for his own compensation and the compensation of such assistants as may be allowed him in accordance with the provisions of the act in question, does not state facts sufficient to constitute a cause of action.

APPEAL from the district court for Saunders county: CONRAD HOLLENBECK, JUDGE. *Reversed*.

*H. Gilkeson* and *Charles H. Slama*, for appellant.

*Jesse M. Galloway, contra*.

CALKINS, C.

This was an action by the plaintiff to recover from the defendant moneys alleged to have been received by him as county judge of Saunders county for performing marriage ceremonies during his incumbency of that office from the 9th day of January, 1902, to the 3d day of January, 1906. There was judgment for the plaintiff in the sum of $444, from which the defendant appeals.

Saunders County v. Slama.

The petition, after stating the fact of defendant's incumbency of office, is as follows: "That during said term of office the said Charles H. Slama as such county judge, and by reason of said official position as county judge of said county, performed marriage ceremonies in said county of Saunders in the number of one hundred and forty-eight (148), and received a fee therefor in the sum of $3 each or a total sum of four hundred and forty-four dollars ($444), and that said Charles H. Slama as such county judge received as salary the sum of $1,500 for each of the four years as herein set forth. That the said defendant has failed, refused and neglected to account for and turn over to said county the said sum of four hundred and forty-four dollars ($444) so received by him by virtue of his office for performing marriage ceremonies as herein stated, and has failed, refused and neglected to account for same to said county of Saunders as fees of the office of the said county judge of said county, but retains and converts the same to his own use." There was a stipulation of facts in substantially the same language as above quoted from the petition.

It is contended by the defendant that the petition failed to state facts sufficient to constitute a cause of action, and this contention must be sustained. Since the county judge could not lawfully receive a salary, the interpretation of the allegation that he received a salary of $1,500 per annum most favorable to plaintiff is to say that it means that he received fees to the amount of $1,500 for each year, which is probably what was meant. So considered, there is nothing to show that the $444 alleged to have been received as marriage fees was not included in such sum of $1,500, but was in excess thereof. The petition in an action by a county against one of the officers mentioned in the act of 1877 (laws 1877, p. 215) to recover fees received by such officer must state facts sufficient to show that the amount sought to be recovered is in excess of the amount which such officer is entitled to retain for his own compensation and the compensation of such assistants as may

be allowed him in accordance with the provisions of the act in question. This the petition clearly fails to do, and as the stipulation of facts was no broader there is nothing to support the judgment.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.